**FRANK v. HENDERSON, Price Adm'r.**

**No. 9.**

United States Emergency Court of Appeals.

Decided Dec. 29, 1942.

William N. McNair, of Pittsburgh, Pa., for complainant.

David Ginsburg, Gen. Counsel, Thomas I. Emerson, Associate Gen. Counsel, Nathaniel L. Nathanson, Asst. Gen. Counsel, and Ben W. Heineman, Chief, Court Review Branch, all of the Office of Price Administration, all of Washington, D. C., for respondent.

Before VINSON, Chief Judge, and MARIS and MAGRUDER, Judges.

On Motion to Dismiss.

PER CURIAM.

This cause is before us on respondent's motion to dismiss the complaint herein, and complainant's answer thereto. The motion is based upon two grounds: (1) That no protest has been filed with the Price Administrator pursuant to Section 203(a) of the Emergency Price Control Act of 1942 [1] and the Administrator's procedural regulations with reference thereto; and (2) that the complainant failed to comply with our Rule 11(b), [50 U.S.C.A. Appendix following section 924], and fails to state a claim upon which relief can be granted.

The complainant contends that he has substantially complied with the statutory provisions relating to protests before the Price Administrator, and that he should not be deprived of review in this court on the ground of his failure to comply with the procedural requirements of certain administrative regulations. He insists that a telegram received by him from the Office of Price Administration, and five letters addressed to and received by the Price Administrator, constitute a protest under the Emergency Price Control Act.

The telegram and letters are here as exhibits to the complaint. Exhibit A is a telegram dated September 12, 1941, in which the Office of Price Administration, established by Executive Order, sought certain information of the complainant. Exhibits B and C are letters dated September 16, 1941, and November 6, 1941, respectively, addressed to the Office of Price

---

[1] Pub.L.No. 421, 77th Cong., 2d Sess., H.R.5990, January 30, 1942, 50 U.S.C.A.Appendix § 923(a).

Administration, not only prior to the effective date of the Emergency Price Control Act and the Revised Price Schedule No. 46 under that Act, but prior to the issuance of Price Schedule No. 46 under Executive Order. Exhibits D and E are letters dated December 5, 1941, and February 5, 1942, respectively, which were received by the Office of Price Administration prior to February 11, 1942, the date upon which Revised Price Schedule No. 46 became effective under Section 206 of the Emergency Price Control Act [50 U.S.C.A. Appendix § 926].

■ We held in Galban Lobo v. Henderson, Price Administrator,[2] that only price schedules effective on and after February 11, 1942 (the date the Price Administrator under the Act of January 30, 1942, assumed office), are subject to the protest and review provisions of the Act.

■■ The sole communication from the complainant addressed to the Price Administrator which could relate to Revised Price Schedule No. 46, effective under the Emergency Price Control Act, is Exhibit F, a letter dated April 1, 1942. Thus, the first decisive issue is whether this letter substantially complies with the statutory requirements relative to the content of a protest filed with the Price Administrator. We think that it can not be so construed. There is nothing in it indicating that it was intended to be taken as a protest under Section 203(a) of the Act. This section, inter alia, permits the filing of "a protest specifically setting forth objections to any * * * provision" of a price schedule effective under the Act. The letter contains no specific objection to any provision of the Price Schedule involved. It appears to be an answer to inquiries directed to the complainant by the Office of Price Administration concerning the price at which complainant had consummated several business transactions. It does not conform in slight degree to the statutory requirements governing the content of a protest.

The motion to dismiss is granted.

Complaint dismissed.

[2] 132 F.2d 153, decided. September 30, 1942, certiorari denied December 12, 1942, 63 S.Ct. 265, 87 L.Ed. ——.