**BOGART PACKING CO., Inc., v. BROWN, Price Adm'r.**

**No. 79.**

United States Emergency Court of Appeals.
Heard at Philadelphia Oct. 4, 1943.

Decided Oct. 19, 1943.

31 C.C.P.A.(Patents)

## In re ROBERT R. DONALDSON.

Patent Appeal No. 4764.

Court of Customs and Patent Appeals.
June 1, 1943.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

**PER CURIAM.**

The complaint in this case is directed against § 1364.401(d) of Revised Maximum Price Regulation No. 169—Beef and Veal Carcasses and Wholesale Cuts—issued December 10, 1942. That section continued without change the so-called "custom slaughtering" provision which was introduced into the original Maximum Price Regulation No. 169 by Amendment No. 1 thereto issued by the Administrator on July 7, 1942.

In order to obtain a review of the challenged provision in this court under § 204(a) of the Emergency Price Control Act, 56 Stat. 31, 50 U.S.C.A. Appendix § 924(a), it was necessary for complainant to file a protest with the Administrator in accordance with the requirements of § 203(a) of the Act, 50 U.S.C.A. Appendix § 923(a), reading: "Within a period of sixty days after the issuance of any regulation * * * any person subject to any provision of such regulation * * * may, in accordance with regulations to be prescribed by the Administrator, file a protest specifically setting forth objections to any such provision and affidavits or other written evidence in support of such objections." The protest thus had to be "filed" within 60 days after July 7, 1942. According to the allegations, the Secretary of the complainant company on July 24, 1942, protested orally to Mr. John Finn, an attorney in the meat division of the Office of Price Administration, and this oral protest was confirmed by a letter on the same date addressed to Mr. Finn. It is clear that an oral protest does not comply with the requirements either of the statute or of the Administrator's procedural regulations. The letter of July 24, 1942, is before us. It can be said of that, as we said of the letter considered by us in Frank v. Henderson, Em.App., 1942, 133 F.2d 207, 208, that there is "nothing in it indicating that it was intended to be taken as a protest under Section 203(a) of the Act." The letter does not specifically set forth objections to the custom slaughtering provision of the regulation. Upon the contrary, the burden of the argument in the letter is that complainant, in view of its method of conducting business, does not fall within the scope of the provision in question; hence the letter concludes with the statement: "We are continuing to operate as hereto-

Lester Grossman, of New York City, for complainant.

George J. Burke, Gen. Counsel, Nathaniel L. Nathanson, Asst. Gen. Counsel, and William R. Ming, Jr., and Carl H. Fulda, Attys., all of the Office of Price Administration, all of Washington, D. C., for respondent.

Before MARIS, Chief Judge, and MAGRUDER and LAWS, Judges.

fore, unless we hear from you to the contrary." Considering the fact that thousands of letters pour into the various branches of the Office of Price Administration, it would obviously be impracticable to treat such a letter as that of July 24, 1942, addressed to a subordinate in the meat division, as putting the Administrator on notice that the letter should be docketed as a protest and dealt with in accordance with the formal review procedure set forth in §§ 203 and 204 of the Act.

■ While it may be possible for the Administrator to waive a requirement of his own procedural regulations prescribing the form of protests (cf. United States v. Garbutt Oil Co., 1938, 302 U.S. 528, 533-535, 58 S.Ct. 320, 82 L.Ed. 405), the document sought to be treated as a protest must at least be filed within the statutory period and comply substantially with the statutory requirements relative to the content of a protest.

■ On June 19, 1943, complainant filed with the Secretary of the Office of Price Administration a so-called "amended protest" to the provision in question. This document, had it been filed on time, would have been in compliance with the requirements of the statute and of the Administrator's procedural regulations. Admittedly, it was too late, on that date, to file an original protest. There was not pending before the Administrator on that date any protest, within the meaning of the statute, upon which an amended protest could be grafted. The Administrator on July 26, 1943, entered an order dismissing the "amended protest" on the ground that it was not filed in time. This order was clearly right. The Administrator's motion to dismiss the complaint must be granted.

■ On June 17, 1943, complainant filed with the Administrator a petition for amendment of the custom slaughtering provision of the regulation. This petition was filed in accordance with § 1300.20 of Revised Procedural Regulation No. 1, and is now before the Administrator for consideration. Counsel for the Administrator have intimated to us, at the oral argument on the motion to dismiss the present complaint, that complainant may, in that way, obtain some of the relief it has sought in the present proceeding. But a petition for amendment is not a protest within the meaning of § 203(a). It may be filed at any time by any person subject to or affected by a provision of a maximum price regulation, and is addressed entirely to the discretion of the Administrator, who is generally empowered to modify or rescind a regulation at any time. Hence § 1300.20 of Revised Procedural Regulation No. 1 properly provides that "The denial of a petition for amendment is not subject to protest or judicial review under the Act."

The complaint is dismissed.