**SHENK et al. v. GAUDET et al.**
No. 1113.

Municipal Court of Appeals for the
District of Columbia.

Argued Aug. 27, 1951.

Decided Oct. 10, 1951.

Louis H. Cohen, Washington, D. C., for appellants.

Herman Miller, Washington, D. C., for appellee Cash.

Francis W. Taylor, Washington, D. C., with whom Sylvester J. Aquino, Washington, D. C., was on the brief; for appellees Gaudet, Parady, and Cyr.

Ruffin A. Brantley, Asst. Gen. Counsel, Washington, D. C., for Robert F. Cogswell, Administrator of Rent Control, intervenor.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiffs sued their landlady, Sarah Cash, and her rental agents, Harry Shenk and Kay Realty Company, Inc., for double an overcharge in rent from June to December of 1948 and for refusal to furnish services and for attorney's fees.[1] Mrs. Cash cross-claimed against the other defendants for damages on the ground that they had violated their duty to her in negligently permitting a low rent ceiling to be fixed by the Rent Administrator. The other defendants also filed a third-party complaint against Mrs. Cash on the ground that she had not forwarded to them a notice of the legal rent ceiling. During the trial the Rent Administrator was permitted to inter-

vene. Defendants, Harry Shenk and Kay Realty Company, Inc., appeal from judgments against them in favor of plaintiffs and from judgments against them in favor of defendant Cash entered on her cross-claims. Defendant Cash has not appealed. Judgment by consent for the defendants was entered against plaintiffs Gaudet and Parady for four months unpaid rent based on the ceiling set by the Rent Administrator.

The undisputed evidence at trial revealed the following facts. In March 1948 defendant Cash retained Shenk as her rental agent in managing the premises involved in this action, a furnished apartment. This agency agreement was subsequently assigned to Kay Realty Company, Inc., when Shenk incorporated his business under that name in July 1948. With Shenk's assistance, Mrs. Cash prepared and filed with the Rent Administrator in her own name a petition for a rent ceiling of $135 a month for the first floor apartment which she was then occupying but from which she was about to move. This application, in accordance with the Administrator's regulations, set out various details of the accommodations involved. There had been no previous ceiling for that apartment. In April 1948 Mrs. Cash left the city for California, turning over to defendant Shenk the management of the property as her agent. On May 15, 1948, she received from the Rent Administrator a forwarded notice, dated May 10, 1948, notifying her that the ceiling on the apartment would be $75 a month. This notice contained a statement that the information furnished had been checked against comparable rents for similar accommodations. It was stated further that unless good cause to the contrary was shown *prior* to May 20, 1948, the proposed ceiling would become effective on that date. The notice also stated that if the landlord desired further consideration before entry of the order setting the ceiling, a request in writing, setting forth in detail the nature and source of evidence additional to that previously considered, should be made *prior* to May 20, 1948, and that failure to furnish this information

1. Code 1940, Supp. VII, 45–1610(a).

would result in a denial of the request for reconsideration. Mrs. Cash sent this notice to Shenk and requested that he ask for a hearing before the effective date. Shenk received this letter on May 19, 1948, and immediately mailed to the Rent Administrator a letter in his own name, and without stating his connection with the property or its owner, asking for a hearing. However, in his letter to the Administrator Shenk did not set out any of the additional information required by the notice. This letter from Shenk was received by the Rent Administrator's office *on* May 20, 1948, but was never acknowledged or answered by that office. Shenk made no further inquiry as to its disposition.

On May 26, 1948, notice was sent by the rent office to defendant Cash that a ceiling of $75 per month was effective as of that date. Defendants Shenk and the Kay Realty Company, Inc., were not notified that this action had been taken and were not informed of the receipt of the notice by Mrs. Cash until the following February.

In June 1948 Shenk rented the first floor apartment to the plaintiffs at $125 per month and collected that amount for that month. In July 1948 he incorporated under the name of Kay Realty Company, Inc., and from July through December that corporation collected the $125 monthly rent which was remitted less commissions to Mrs. Cash. In February 1949 Shenk learned of the final order of May 26 setting the ceiling for the apartment at $75 a month. This action was subsequently commenced by the plaintiffs against Mrs. Cash, Harry Shenk and the Kay Realty Company, Inc. Plaintiffs also sued for double the value of services allegedly denied them by failure of the defendant to furnish them the use of a porch.

It is the position of appellants Shenk and the Kay Realty Company, Inc., in their first assignment of error that since the Rent Administrator had received from Shenk a request for a hearing on the proposed ceiling on May 20, 1948, which request was neither acknowledged nor answered, the

order of May 26, 1948, setting the ceiling at $75 was ineffective and void and therefore could not be the basis for a suit for overcharge in rent. Yet the request did not conform to the requirements set out in the Administrator's notice of the proposed ceiling. This notice had been forwarded to Shenk by Mrs. Cash and both of them were cognizant of it. The request failed to contain any information or additional evidence which would enable the Administrator to determine the merit of granting a hearing, although the notice from the Administrator's office contained in capital letters the warning: "Failure to Furnish this Information will Result in Denial of the Request."

■ We rule that it was not denial of due process for the Administrator to issue his order setting a ceiling rent on the premises when the landlord failed to meet the requirements specified for obtaining a hearing.[2] It would have been better practice for the Administrator's office to reply to the Shenk informal request for a hearing, but no such request was received from the owner, Mrs. Cash, and the Shenk letter did not disclose his connection with the property and did not comply with the Administrator's requirements.

■ Defendants Shenk and Kay Realty Company, Inc., also contended in the trial court that since they had no actual knowledge until February 1949 of the Administrator's order of September 1948 setting the ceiling for the premises at $75, they acted in good faith in collecting rent during the period alleged. They rely on Code 1940, Supp. VII, section 45–1610(c), which reads in part: "No person shall be held liable for damages or penalties in any court on any grounds for or in respect of anything done or omitted to be done in good faith pursuant to any provision of this chapter or any regulation, order, or requirement thereunder, notwithstanding that subsequently such provision, regulation, order, or requirement may be modified, rescinded, or determined to be invalid."

However, it is to be noted that the defendants were not relying on any rescinded

---

2. Bogart Packing Co. v. Brown, Em.App., 138 F.2d 422; Bowman v. Bowles, Em.App., 140 F.2d 974.

or modified order or regulation of the Administrator or statutory provision in collecting the overcharge. Therefore the section is not applicable to the situation involved here and the good faith of the defendants in collecting and receiving the overcharge was not an issue in the case, at least as between plaintiffs and defendants. Moreover, by special interrogatories, framed with the consent of all parties as to form and content, the question as to the good faith of all defendants was submitted to the jury, which returned findings that none of them collected or received the excess rent in good faith. From every aspect, therefore, the verdict in favor of plaintiffs for the overcharge was justified.

In answer to other interrogatories, the jury also found that defendant Shenk for the month of June and defendant Kay Realty Company, Inc., for the remaining months had violated their obligations to Mrs. Cash as rental agents. The court gave judgments in favor of Mrs. Cash on her cross-claims based on this verdict. Defendants Shenk and Kay Realty Company, Inc., now argue that the findings were inconsistent in that the jury found lack of good faith in receiving the rent on the part of Mrs. Cash and at the same time found that they had violated the terms of their agency agreement with her.

■ Plaintiffs' original action was to recover the statutory penalty from their landlady and her rental agents for the rent overcharge. Defendant Cash's cross-claims were for breach of an agency agreement. The fact that she did not act in good faith towards her tenants, even assuming that that was a decisive element in the case, would not preclude recovery from her rental agents, who the jury could have found had the primary duty to see that a rent ceiling was set before collecting the rent. Therefore we find nothing inconsistent in the jury's verdict.

■ At trial defendants Shenk and Kay Realty Company, Inc., attempted to introduce evidence of an alleged overcharge knowingly made by Mrs. Cash on another apartment in the house involving a different tenant. The proffer was rejected by the trial court as irrelevant. It is argued that the evidence should have been admitted because it tended to prove that Mrs. Cash was without good faith on prior occasions in making an overcharge. As we have already said that the question of good faith was not a proper issue in the case, we need not discuss the point further.

Appellants also urge as error the rejection by the trial judge of evidence which appellants claimed would have shown that on a previous occasion the Administrator had granted a hearing on a rent ceiling to defendant Cash, although the request for such hearing was not timely filed. This assignment of error likewise has to do with the good faith of defendants as between them and plaintiffs, which we have already ruled was not a proper issue in the case. We find no error, therefore, in the rejection of this evidence.

Based on the jury's verdict these judgments were entered: for plaintiffs against Shenk for $100 (twice overcharge of $50 for one month) plus $150 attorney's fee; for plaintiffs against Kay Realty Co. for $650 (twice overcharge of $50 for six months plus $50, the minimum penalty for failure to render service) plus $150 attorney's fee, provided that only one attorney's fee was to be allowed as between Shenk and Kay Realty Co., interest from date of judgment and costs; for plaintiffs against defendant Cash for $750 (twice overcharge of $50 for seven months plus $50 for failure to render service) plus $150 attorney's fee, interest and costs; for Mrs. Cash against Shenk for $100; for Mrs. Cash against Kay Realty Co. for $650 plus $150 attorney's fee, interest and costs; for defendants against plaintiffs Gaudet and Parady for $300 plus interest from date of judgment and costs.

■ Defendants Shenk and Kay Realty Co. assign several errors with respect to the substance and form of the judgments. They complain, first, that the trial court ordered contribution between themselves and Mrs. Cash and that since they and she were held to be intentional and willful wrongdoers no such contribution is allow-

able. They cite George's Radio v. Capital Transit Co., 75 U.S.App.D.C. 187, 126 F.2d 219, and Peake v. Ramsey, D.C.Mun.App., 43 A.2d 763; cf. Knell v. Feltman, 85 U.S.App.D.C. 22, 174 F.2d 662. But as we interpret the judgments, no contribution was ordered and therefore the question does not arise. Mrs. Cash filed no third-party complaint, but a separate cross-claim against the other defendants, based upon their alleged negligent management of her property, and therefore the judgment in favor of Mrs. Cash could only be based upon such cross-claim. Possibly the two controversies should not have been tried together, but no objection was raised to such procedure. The question arises because the damages awarded Mrs. Cash were in the same amount as the total recovery adjudged in favor of plaintiffs, although Mrs. Cash had sued the other defendants in her cross-claim for $3,000. We think it obvious, however, that the judge and jury intended that Mrs. Cash should recover from the other defendants only the amount, if any, which she may have to pay plaintiffs, since they fixed that amount as the measure of her damages.

Defendants Shenk and Kay Realty Co. also complain that under the form of the judgments plaintiffs may recover twice, once from them and again from Mrs. Cash. But, as we interpret the judgments, this is not true. It is obvious, we think, that the form was adopted because the liability, so far as the agents were concerned, was a divided one. That does not prevent the judgment, so far as plaintiffs are concerned, from being a joint and several one. They will be entitled to collect only $450 plus $150 attorney's fee, interest and costs, representing $750 less $300 plus attorney's fee, interest and costs, and if Mrs. Cash pays these amounts she will be entitled to collect from the other defendants only the same amounts, divided as indicated between Shenk personally and his corporation.

The complaint is made, finally, that since plaintiffs Gaudet and Parady confessed judgment for $300 as rent owing, only the net amounts should have been entered as judgments. In principle this contention is correct, for under the statute judgments on reciprocal claims between different parties should be set off against each other and satisfaction of both should be entered to the amount of the smaller claim.[3] Here, however, the question is somewhat complicated by the fact that Shenk and his Kay Realty Co. are separate entities. The trial court recognized this by awarding only one sum as attorney's fees as against both and no objection has been made as to that part of the judgment. We accordingly hold that if defendants Shenk and Kay Realty Co. together pay plaintiffs $450 plus $150 attorney's fees plus interest and costs they will become entitled to complete satisfaction of all judgments herein against them and that defendant Cash will become entitled to complete satisfaction of the judgment against her. If, however, Mrs. Cash has to pay all or any part of $450 plus attorney's fees, interest and costs, she shall retain her net judgments against the other defendants until the same shall be satisfied. The trial court is directed to clarify its judgments accordingly. If defendants Shenk and Kay Realty Co. can not agree as to the division of the allowed attorney's fees, the trial court is authorized to modify its judgments appropriately. We note also that while the judgments *in favor* of plaintiffs obviously include all three of them, the judgments *against* plaintiffs mention only Gaudet and Parady (not Cyr). We assume this is because, while all plaintiffs participated in paying the rent during the period of the overcharge, only Gaudet and Parady owed the last four months rent. The record, however, is silent on this point. The trial court is also directed to clarify its judgment on this point if the parties can not agree as to the effect thereof.

Affirmed with instructions.

3. Code 1940, 16–1909; Block v. Gates, D. C.Mun.App., 68 A.2d 898.