202 F.2d 753
 SAFEWAY STORES, Inc.
v.
FREEHILL, Director of Price Stabilization.
 No. 591.
 United States Emergency Court of Appeals
 Reheard at Washington January 17, 1953.
 Decided March 11, 1953.
 
 Elisha Hanson, Washington, D. C., with whom Arthur B. Hanson, Garland Clarke and Calvin H. Cobb, Jr., Washington, D. C., were on the brief, for complainant.
 George Arthur Fruit, Atty., Department of Justice, Washington, D. C., with whom Holmes Baldridge, Asst. Atty. Gen., and Edward H. Hickey, Chief, General Litigation Section, Department of Justice, and Herbert N. Maletz, Chief Counsel, and James A. Durham, Associate Chief Counsel, Office of Price Stabilization, Washington, D. C., Israel Convisser, Chief, Court Review Division, Office of Price Stabilization, Brooklyn, N. Y., and Kathryn H. Baldwin, Atty., Office of Price Stabilization, Washington, D. C., were on the brief, for respondent.
 Before MARIS, Chief Judge, and MAGRUDER and McALLISTER, Judges.
 MARIS, Chief Judge.
 
 
 1
 In this case the complainant attacked Ceiling Price Regulation No. 15 and the denial by the respondent without considering their merits of 28 applications filed by it for adjustment of retail ceiling prices established by that regulation or, in the alternative, for amendment of the regulation. After hearing, this court concluded that Section 402(d)(4) of the Defense Production Act, 50 U.S.C.A.Appendix, § 2102(d) (4), known as the Capehart Amendment, applied to retailers such as the complainant and required the respondent to consider the complainant's applications for adjustment on their merits. Accordingly on May 5, 1952 we entered a judgment setting aside the letter orders denying the applications for adjustment and remanded the cause to the respondent for consideration of the applications on their merits. Safeway Stores, Inc. v. Arnall, Em.App., 196 F.2d 510. The respondent filed a petition for certiorari. While it was pending on June 30, 1952 the Defense Production Act Amendments of 1952 were enacted, which modified the Capehart Amendment so as to exclude retailers from its benefits. On October 13, 1952 the Supreme Court vacated the judgment of this court and remanded the case to us for consideration in the light of the Defense Production Act Amendments of 1952. 344 U.S. 803, 73 S.Ct. 19.
 
 
 2
 In view of the fact that the Capehart Amendment has now been amended to exclude retailers from its provisions the complainant is no longer entitled to apply for adjustment of its ceiling prices under that section of the act. Accordingly our former judgment is no longer appropriate upon the grounds on which we based it. The question remains whether the complainant is entitled to relief on other grounds. In considering this question we are restricted by the statute to grounds which were set forth in the complainant's protest. Section 408(a) of the Defense Production Act, 50 U.S.C.A.Appendix, § 2108(a), provides that "No objection to such regulation or order * * * shall be considered by the court, unless such objection shall have been set forth by the complainant in the protest * * *." The grounds of protest must be clearly set forth and may not be left to inference. Bowman v. Bowles, Em.App.1944, 140 F.2d 974, certiorari denied 322 U.S. 742, 64 S.Ct. 1144, 88 L.Ed. 1575.
 
 
 3
 The complainant asserts that it is entitled to relief under Section 402(k)[1] of the Defense Production Act, the so-called Herlong Amendment, which had been added to the act by the Defense Production Act Amendments of 1951. The Herlong Amendment, as we pointed out in our prior opinion, applied only to regulations issued after its passage and contained no provision for relief by way of individual adjustment of prices on application, as did the Capehart Amendment. The grounds of objection to CPR 15 set out by the complainant in its protest based upon the Herlong Amendment accordingly did not attack the validity of the regulation directly, since the regulation had been issued before the passage of the amendment. Rather, the complainant asserted that the regulation had been administered contrary to the mandate of the Herlong Amendment in that the respondent had denied the complainant's applications for adjustment which, in the alternative, prayed for amendment of the regulation to grant retailers their customary percentage margins over cost of the materials during the period May 24, 1950 to June 24, 1950, as the Herlong Amendment required of subsequently issued regulations. In other words the complainant contends that the actions of the respondent denying its petitions for amendment of the regulation so as to make it conform to the Herlong standard were themselves orders denying the complainant its customary pre-Korean margins and since they were issued after the passage of the Herlong Amendment they fall under its ban.
 
 
 4
 While the argument is ingenious we cannot accede to it. We have held that a petition for amendment is addressed entirely to the discretion of the respondent and its denial is, therefore, not the type of order which is subject to protest and review in this court. Bogart Packing Co. v. Brown, Em.App.1943, 138 F.2d 422. We adhere to that ruling. If we were to hold otherwise in this case the result would be to nullify in practical effect the intent of Congress clearly expressed in the Herlong Amendment that it should apply only to regulations subsequently issued and not to those, such as CPR 15, which were in force when it was passed.
 
 
 5
 Since none of the objections contained in complainant's protest, filed October 29, 1951, was or could have been based on the provisions of the Herlong Amendment as modified by the Defense Production Act Amendments of 1952 we may not in this case consider the contentions based upon those amendments which the complainant made at the rehearing of this case.
 
 
 6
 A judgment will be entered dismissing the complaint.
 
 
 
 Notes:
 
 
 [1]
 "(k) No rule, regulation, order or amendment thereto shall hereafter be issued under this title, which shall deny to sellers of materials at retail or wholesale their customary percentage margins over costs of the materials during the period May 24, 1950, to June 24, 1950, or on such other nearest representative date determined under section 402(c), as shown by their records during such period, except as to any one specific item of a line of material sold by such sellers which is in short supply as evidenced by specific government action to encourage production of the item in question. No such exception shall reduce such customary margins of sellers at retail or wholesale beyond the amount found by the President, in writing, to be generally equitable and proportionate in relation to the general reductions in the customary margins of all other classes of persons concerned in the production and distribution of the excepted item of material
 "Prior to making any finding that a specific item of material shall be so excepted, or as to the amount of the reductions in customary margins to be imposed upon retail and wholesale sellers of such item, the President shall consult with representatives of the affected retail and wholesale sellers concerning the basis for and the amount of the exception which is proposed with respect to any such item.
 "For purposes of this section a person is a `seller of a material at retail or wholesale' to the extent that such person purchases and resells an item of material without substantially altering its form; or to the extent that such person sells to ultimate consumers except (1) to government and institutional consumers and (2) to consumers who purchase for consumption in the course of trade or business."