203 F.2d 958
 KOHN
v.
FREEHILL.
 No. 643.
 United States Emergency Court of Appeals.
 Submitted April 10, 1953.
 Decided April 30, 1953.
 
 Raymond K. Fried and Edward D. Feinberg, Chicago, Ill., for complainant.
 Warren E. Burger, Asst. Atty. Gen., Edward H. Hickey, Chief, General Litigation Section, and George Arthur Fruit, Attorney, Department of Justice, and Herbert N. Maletz, Chief Counsel, James A. Durham, Associate Chief Counsel, Washington, D. C., Israel Convisser, Asst. Chief Counsel, Brooklyn, N. Y., and Robert M. Bor, Attorney, Office of Price Stabilization, New York City, for respondent.
 Before MARIS, Chief Judge, and MAGRUDER, McALLISTER and LINDLEY, Judges.
 MARIS, Chief Judge.
 
 
 1
 The complainant in this case is engaged in the business of buying, selling and fabricating meat and meat products, including pork products, at the wholesale level of distribution. The General Ceiling Price Regulation[1] governed ceiling prices of pork cuts and pork products sold by the complainant until October 1, 1951 when it was superseder by Ceiling Price Regulation 74.[2] On June 10, 1952 a complaint for treble damages was filed in the United States District Court for the Northern District of Illinois charging the present complainant, defendant in that action, with having sold pork products and cuts between June 11, 1951 and September 30, 1951, inclusive, at prices in excess of its ceiling prices as established under the General Ceiling Price Regulation. An amended complaint was filed on December 5, 1952. The present complainant, on December 29, 1952, filed a protest with the respondent in which he objected to the institution of the enforcement proceeding and to the provisions of the General Ceiling Price Regulation insofar as they affected sales made by the complainant between June 11, 1951 and September 30, 1951, inclusive. The protest was dismissed by the respondent on February 2, 1953 as untimely. The objection against the bringing of the enforcement action was dismissed as not cognizable in a protest proceeding. The present complaint was filed on March 2, 1953 and the respondent has now moved to dismiss it.
 
 
 2
 The motion to dismiss the complaint must be granted. For it clearly appears that the respondent rightly dismissed the protest as not having been filed within the time prescribed by Section 407(a) of the Act, 50 U.S.C.A.Appendix, § 2107(a). That Section requires a protest to be filed within six months after the effective date of the regulation unless new grounds of protest have arisen in which case it must be filed within six months after such new grounds arise. Here the complainant filed his protest more than 23 months after the effective date of the General Ceiling Price Regulation. He alleges, however, that the amendment of Section 402(k) of the Act, 50 U.S.C.A.Appendix, § 2102(k), the so-called Herlong amendment, on June 30, 1952, by the Defense Production Act Amendments of 1952, constituted new grounds for protest of the General Ceiling Price Regulation. There is no merit in this contention. The Herlong amendment itself, as originally enacted July 31, 1951, applied only to regulations and orders issued after its enactment. Safeway Stores v. Arnall, Em. App.1952, 196 F.2d 510, 513; Safeway Stores v. Freehill, Em.App.1953, 202 F.2d 753. It, therefore, did not apply to the General Ceiling Price Regulation which had been issued five months before. And as amended by the Defense Production Act Amendments of 1952, the Herlong amendment, by its express terms, applied only to regulations and orders which should be issued or which should remain in effect after June 30, 1952, the date of the amendment. But the General Ceiling Price Regulation had then been superseded for nine months by Ceiling Price Regulation 74 with respect to the complainant's sales and there is no contention by the complainant that Ceiling Price Regulation 74 violated the Herlong amendment.
 
 
 3
 Nor did the bringing of the enforcement suit against the complainant constitute new grounds for protesting the regulation alleged to have been violated by him. Aside from the fact that here the suit was brought more than six months before the filing of the protest, the respondent rightly ruled that the filing of the enforcement suit did not constitute grounds for protest of the regulation sought to be enforced. For the mere attempted enforcement of a valid regulation cannot alter its existing provisions or render it invalid. And if the regulation is invalid, the attempted enforcement of it can hardly render it any the more so. The bringing of an enforcement suit, therefore, cannot constitute new grounds under Section 407(a) of the Act since the new grounds must themselves be grounds of objection sufficient to support the otherwise untimely protest and are, in fact, the only grounds which may be considered in support of it. Safeway Stores v. Arnall, Em.App.1952, 195 F. 2d 319, 321.
 
 
 4
 We, of course, do not pass upon the question whether, if judgment goes against the complainant in the enforcement action, he may be able to obtain leave from the District Court to file a complaint in this court under Section 408(d) of the Act, as amended, 50 U.S.C.A.Appendix, § 2108(d), by making the showing required by that section that his objections to the regulation are made in good faith and that there is reasonable and substantial excuse for his failure to present them in a protest in accordance with Section 407 of the Act. It would seem, however, that in such a complaint, if leave should be given to file it, the complainant would be entitled to assert any objections to the General Ceiling Price Regulation which the District Court granted him leave to include, without regard to the time limitations of Section 407(a) of the Act.
 
 
 5
 A judgment will be entered dismissing the complaint.
 
 
 
 Notes:
 
 
 [1]
 Issued and effective January 26, 1951. 16 F.R. 308
 
 
 [2]
 Issued September 25, 1951, effective October 1, 1951. 16 F.R. 9759